UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHALIL AHMED,<br><br>Defendant. | CASE NO. 24-cr-00187-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on Defendant Khalil Ahmed's Motion for Pretrial Release. Dkt. # 35. Ahmed asks the Court to reverse the detention order issued on November 4, 2024, by the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. # 15. For the reasons discussed below, the Court finds that Ahmed has failed to establish that he will appear as required and is not a danger to the community. Thus, the Court DENIES Ahmed's motion and ORDERS that he continues to be detained.

## II

## BACKGROUND

Ahmed is charged with three counts of unlawful possession of a firearm and one count of unlawful possession of ammunition, all in violation of 18 U.S.C. § 922(g)(1). Dkt. # 1. Judge Tsuchida held a detention hearing under 18 U.S.C. § 3142(f) and determined that there are "no conditions which [Ahmed] can meet which would reasonably assure [his] appearance as required or the safety of any other person and the community." Dkt. # 15 at 1. Ahmed now moves for review of the detention order and requests pretrial release. Dkt. # 35.[1] He contends that his mother is willing to serve as a third-party custodian for him, he wants to graduate from college, and he seeks medical care outside the detention center, so there is no basis for his continued detention. *Id.* at 10–11.

## III

## DISCUSSION

### A. Standard of Review

A person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district judge reviews a magistrate judge's decision de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). But the Court is "not required to start over . . . and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193.

---

[1] Ahmed styles his motion as a "Motion for Pretrial Release" but filed the motion as a "Motion for Review of Detention Order" in the Electronic Case Filing System. *See* Dkt. # 35. Defense counsel did not respond to the Clerk's request to clarify the relief sought. Dkt. # 36 at 4. Based on the substance of the motion, the Court interprets it as a motion for review of a detention order under 18 U.S.C. § 3145(b). *See generally* Dkt. # 35.

B. Bail Reform Act

The Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, requires the release of a defendant pending trial unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (*citing United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). "The United States must prove by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk." *United States v. Valenzuela*, 2012 WL 1377087, at *1 (W.D. Wash. Apr. 19, 2012) (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)).

Under the Act, a court considers whether there are conditions of release that reasonably achieve two goals: (1) the appearance of the defendant and (2) the safety of the community. 18 U.S.C. § 3142(g). In making its determination, a court considers "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405); 18 US.C. § 3142(g).

C. Weighing the § 3142(g) Factors[2]

1. Nature and Circumstances of the Offense

The United States alleges that Ahmed participated in a local fentanyl trafficking ring, and evidence seized from cellphones allegedly shows Ahmed discussing the sale of fentanyl pills with other members of the organization. Dkt. # 11 at 2–4. According to the Government, Ahmed also took part in two shootings, including one where three people died and six people were injured. *Id.* at 4–7. And although Ahmed is prohibited from possessing firearms based on a 2022 conviction in King County Superior Court punishable by a term exceeding one year, he has since been found to possess five firearms. *Id.* at 12; *see* Dkt. # 1. Four of these firearms were found loaded and one had a "switch," which enabled it to fire fully automatic. Dkt. # 11 at 9.

The offenses Ahmed is charged with carry a lengthy term of incarceration. Based on his total offense level and criminal history category, "his conservative advisory federal guideline imprisonment range is 46 months to 57 months." Dkt. # 35 at 3.

Given the alleged drug conspiracy, repeated possession of firearms, and length of the potential prison sentence, the first factor favors pretrial detention.

2. Weight of the Evidence

The second factor also favors continued detention. Substantial evidence, including photographic and video evidence, shows Ahmed in possession of a firearm. *See* Dkt. # 11 at 5–7. While the weight of the evidence is the least important factor, it still weighs against releasing

[2] Although Ahmed has entered a plea of guilty, the Court has not accepted the plea agreement. Dkt. ## 40, 41; *see* Fed. R. Crim. P. 11. So the Court reviews Ahmed's custodial status under 18 U.S.C. § 3142 (governing pretrial release) rather than under 18 U.S.C. § 3143 (governing postconviction release). *See* Dkt. # 36 at 8 (anticipating the standard of review would derive from 18 U.S.C. § 3143). But even if § 3143 governed the Court's review, for the reasons discussed below, Ahmed has not established "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" *See* 18 U.S.C. § 3143(a)(1).

Ahmed pending trial. *See Motamedi*, 767 F.2d at 1408 ("[T]he weight of the evidence is the least important of the various factors.").

3. History and Characteristics of the Defendant

Ahmed does not have a history of failing to appear before the court, he is a citizen, and, if released, intends to live with family. Dkt. # 35 at 9–10. He also has strong family ties to the area and does not possess a passport. *Id.* at 10. And he wishes to be released so that he can graduate college and receive medical treatment for an injured shoulder. *Id.* at 11.

But he has a significant criminal history. Ahmed has been convicted of discharging a firearm in a public place and obstructing a law enforcement officer, and he has two controlled substances convictions. Dkt. # 11 at 12. He has also been under supervision by the Washington Department of Corrections since 2023 for a drug conviction in Minnesota and has been returned to custody three times for violating the terms of his supervision. *Id.* The crimes he is now charged with occurred while he was on supervision, which further weighs against release. *Id.*; *see* 18 U.S.C. § 3142(g)(3)(B). Along with this criminal history, Ahmed told investigators after his arrest that he intends to move to Qatar. Dkt. # 11 at 13.

So, on balance, this factor weighs against release as well. *See also* Dkt. # 15 at 2 ("There can be no confidence Defendant will appear and not flee given his pattern of disregarding conditions of his sentence.").

4. Danger to the Community

The analysis of the other three factors illustrates that Ahmed poses a danger to other persons and the community. Ahmed, according to the Government, was part of a fentanyl trafficking organization and was part of two shootings that occurred in public places. Dkt. # 11 at 4–9. The United States also alleges that during one of the shootings three people died and six were injured. *Id.* at 7. It is further alleged that Ahmed was found to possess several firearms and

various tools intended to increase the lethality of those firearms. *Id.* at 7–9. Thus, the nature and scale of the crimes here suggest a serious danger to others and the community.

In sum, the Section 3142(g) factors favor pretrial detention. The Government has shown by a preponderance of the evidence that Ahmed is a flight risk and it has shown by clear and convincing evidence that he poses a danger to the community. *See Gebro*, 948 F.2d at 1122.

## IV

## CONCLUSION

For these reasons and based on its de novo review of the record, the Court DENIES Ahmed's motion for pretrial release, Dkt. # 35.

Dated this 7th day of May, 2025.

John H. Chun
United States District Judge